# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SUPERAMERICA,<br><br>Defendant. | Case No. 17-cv-0920 (DSD/FLN)<br><br>REPORT AND RECOMMENDATION |

This case is before the Court on Plaintiff Clarence Johnson's Application to Proceed in District Court without Prepaying Fees or Costs ("Application"). ECF No. 2. For the reasons outlined below, the Court recommends that the Application be denied and the complaint be dismissed.

Johnson has filed several lawsuits in the last few months in which he seeks to renew a number of claims he has pursued before. See 17-cv-243, 17-cv-347, 17-cv-403, 17-cv-921. Many of Johnson's filings are not well-labeled and are difficult to decipher. In this case, Johnson appears to want to re-visit a case in which he tripped and fell outside a SuperAmerica gas station. ECF No. 1 at 4.

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Under Rule 8 of the Federal Rules of Civil Procedure, "a pleading that states a claim for relief must contain a short and plain statement of the grounds for the Court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing whether a complaint states a claim on which

relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

After reviewing the complaint, this Court concludes that it lacks jurisdiction over the claim brought by Johnson in this case. Johnson alleges that in 2015 he tripped and fell at a SuperAmerica station and injured his knee. ECF No. 1 at 4. He alleges that he was offered a settlement for the injury but that he declined the offer and terminated his attorney. ECF No. 1 at 5. He now requests this Court award him $32,000 for the incident. ECF No. 1 at 4. This claim does not appear to be based on the Constitution, federal laws, or treaties but rather is a state law negligence claim. The case seems to involve Johnson's dissatisfaction with the outcome of his negotiation with Superamerica after he tripped at one of their gas stations.

Johnson answered "N/A" to the questions in his complaint regarding the basis for subject matter jurisdiction. ECF No. 1 at 3. The Court notes that Johnson filed an amendment to his complaint on April 7, 2017 in which he alleges that his "constitutional rights were violated." ECF No. 3-1. Then, on April 20, 2017, he filed a letter in which he seeks to have the amendment to the complaint "voided". ECF No. 7. It is therefore unclear whether Johnson intended to

amend his complaint or not.  In any event, the conclusory statement in the "amendment" is insufficient to "raise [his] right to relief above the speculative level".  <u>Twombly</u>, 550 U.S. at 555.  The Court therefore concludes that Johnson has failed to sufficiently allege a basis for this Court's subject matter jurisdiction over this action.

Additionally, Johnson has not alleged that there is diversity of citizenship between the parties.  <u>See</u> 28 U.S.C. § 1332(a); ECF No. 1 at 3; ECF No. 3-1.  Even if he could show that the plaintiff and defendant were from different states, he only seeks $32,000 in damages, which is well below the $75,000 minimum amount for diversity jurisdiction. 28 U.S.C. § 1332(a).

Accordingly, for these reasons, the Court lacks subject matter jurisdiction over this action and recommends that the case be dismissed without prejudice.  <u>See Erickson v. U.S. Post Office</u>, 250 Fed. App'x 757, 758 (8th Cir. 2007) (per curiam) (modifying dismissal for lack of subject matter jurisdiction to be without prejudice).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Clarence Johnson's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) be DENIED.

2. Plaintiff Johnson's complaint be DISMISSED WITHOUT PREJUDICE.

Dated: May 17, 2017            _s/Franklin L. Noel__
FRANKLIN L. NOEL
United States Magistrate Judge

NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.